BARFIELD, Judge,
dissenting:
I respectfully dissent. The issue in this case is where a contract was made which led to employment in Georgia and resulted in an industrial accident in Georgia. The sole reason this matter is before a Florida court is that Florida has better compensation benefits than Georgia, and the claimant is seeking coverage under the Florida Workers’ Compensation Act, relying on section 440.09(1), Florida Statutes (1985).
Appellant, Advanced R & D, Inc., is in the business of locating skilled and technical employees for various employers around the country. The appellant is located in Florida. Appellant contacted Wallace Martin by telephone when Martin was in Dodge City, Kansas. Appellant offered Martin the job working in Georgia conditioned on Martin being acceptable to the Georgia employer. Martin indicated his eagerness to get to work in Georgia and accepted the job under the agreed upon terms and awaited approval by the employer. The subsequent phone call confirmed the approval and the contract was in place. The only contact Florida had with this agreement was the appellant’s presence in Florida when it phoned the claimant and offered him a job. The deputy’s determination of coverage under Florida Workers’ Compensation Act can only be supported upon a conclusion that, in reality, the employee (knowing nothing about the job availability until he got the phone call) made an offer of his services to the Georgia employer if he was acceptable to the Georgia employer. This strange and convoluted rationale is no more than a bootstrapping into Florida compensation coverage. The contract was complete at the point of acceptance in Kansas. It was per *252 formed in Georgia. Florida’s Workers’ Compensation Act has nothing to do with this industrial injury.